SPARKS et al. v. WAY et al.  (No. 162.)

(Court of Civil Appeals of Texas. Waco. Feb. 5, 1925.)

1. Lost instruments ⚖=8(2)—Field notes on plat found in trunk held admissible in corroboration of claim missing deed had been placed in trunk.

In trespass to try title, based on missing deed alleged to have been executed to plaintiffs' parents and placed in a trunk from which it was subsequently missing, field notes and plat found in the trunk *held* admissible in corroboration of claim that missing deed had been placed in the trunk.

2. Witnesses ⚖=331½—Failure of plaintiffs' guardian to inventory land as belonging to them held not admissible to impeach testimony as to execution of deed under which land was claimed.

In trespass to try title, based on missing deed alleged to have been executed to plaintiffs' parents who died when plaintiffs were minors, evidence that guardian of plaintiffs when minors, in probate proceedings, did not inventory the land in controversy as being the property of plaintiffs, *held* not admissible to impeach testimony of coplaintiff as to execution of the deed, in absence of showing plaintiffs had anything to do with the inventory.

3. Lost instruments ⚖=8(2)—Failure of guardian to inventory land as belonging to minors held not admissible to establish minors' nonownership of land.

In trespass to try title, based on missing deed alleged to have been executed by plaintiffs' grandparents to plaintiffs' parents, who died when plaintiffs were minors, evidence of failure of plaintiffs' guardian, in probate proceedings, to inventory the land in controversy as the property of plaintiffs, *held* not admissible to establish plaintiffs' nonownership of the land, especially where the grandparents, in executing the deed, reserved the right to use and enjoy the land during their lifetime.

4. Deeds ⚖=53—Whether deed under which plaintiffs claimed was executed as alleged held for jury.

Whether deed under which plaintiffs claimed was executed as alleged *held* for jury.

5. Appeal and error ⚖=1001(1)—Court of Civil Appeals cannot disturb jury's finding supported by evidence.

Court of Civil Appeals cannot disturb jury's finding supported by evidence.

Appeal from District Court, Leon County; Carl Harper, Judge.

Action by Mrs. Lizzie Way and others against Mrs. Minnie Sparks and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Bennett & Broadway, of Normangee, and Watson & Dashiell, of Centerville, for appellants.

Joe H. Seale, of Centerville, for appellees.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

STANFORD, J.  This suit was brought by appellees, Lizzie Way, joined by her husband, F. T. Way, Ada Babb, and Olive Babb, against appellants, Mrs. Minnie Sparks and her husband, W. A. Sparks, in trespass to try title to recover 68 acres of land. Appellees Lizzie Way (formerly Babb), Ada and Olive Babb are the children of Helen and John Babb, and the grandchildren of Elizabeth Cox and husband, Harvey Cox. Appellant Mrs. Minnie Sparks is a sister of Helen Babb, both being daughters of Elizabeth and Harvey Cox. It appears from the record that Elizabeth Cox, who formerly owned the land in controversy, made two deeds purporting to convey said land, one by herself and husband, Harvey Cox, to her daughter, Helen Babb, which was never recorded and which was lost or destroyed, and, at a later date, another deed by herself alone, her husband being deceased, to her daughter Minnie Sparks. The trial of the case was greatly simplified by an agreement of the counsel representing all parties, incorporated in the record, to the effect that the land in controversy was formerly the separate property of Elizabeth Cox, and if Elizabeth Cox and husband during their lifetime executed and delivered a deed conveying said land to Helen Babb, or to Helen Babb and her husband, John Babb, then appellees, plaintiffs below, were entitled to recover, and if Elizabeth Cox and husband did not do so, then appellant was entitled to recover. The trial court submitted one special issue to the jury, as follows:

"Did Harvey Cox and his wife, Elizabeth Cox, execute and deliver a deed to the land in controversy to Helen Babb, or to Helen Babb and husband, John Babb, during their lifetime?"

To which the jury answered "Yes," and the court entered judgment on said finding for appellees.

Appellees object to the consideration of the brief of appellants, for the reason that the propositions are not subjoined to and do not refer to any particular assignment, and because there is no statement following any proposition. The first objection seems to be well taken, but, as the record is not lengthy, we have decided to consider same.

[1] By their first assignment, appellants complain of the admission in evidence, over their objection, of certain field notes purporting to have been made by the county surveyor, upon the ground that said field notes were not shown to have been the field notes to the identical tract of land in controversy, and because G. T. Lesesne, whose name, as county surveyor, is signed to said field notes, was, at the time of the trial of said cause, living, and his evidence as county surveyor as to the identity of said field notes, if made by him, would be the best evidence, etc. By reference to the field notes of the land in controversy as described in plaintiffs' peti-tion, it will be seen at a glance that the field notes here referred to described the same land as that in controversy in this case. The appellee Lizzie Way testified that prior to her marriage and while she was living at home, her father, John Babb, brought to her a deed, purporting to have been made by Harvey Cox and wife, Elizabeth Cox, to her mother, Helen Babb, and told her to put said deed away and keep the same; that she put said deed in her trunk among some other land papers; that she kept it for a good many years; that at a later date appellant herein and her grandmother, Elizabeth Cox, took said deed out of her trunk —at least she was sure they did because she saw them getting some papers out of her trunk and she was never able to find said deed any more, but that she did find some field notes, and a drawing or plat of some land in her trunk where said deed had been, and said field notes and plat were the same as here offered in evidence. That is, the field notes to the 68 acres of land. The plat accompanying said field notes appeared to be a rough sketch of a partition of the 211 acres of land formerly belonging to Elizabeth Cox, among her children, and on said plat said 68 acres was designated "J. H. Babb," who was appellee's father. There was no objection to this plat. These field notes were not offered in evidence as a muniment of title, but said field notes, together with said plat found in her trunk where said deed had formerly been, were offered as a circumstance tending to corroborate her statement as to said deed having been in her trunk, and for such purpose both said instruments were admissible. Said first assignment is overruled.

[2, 3] In appellants' second assignment of error appellants complain because the court refused to permit appellants to introduce in evidence the probate records, showing that while T. A. Cozart was acting as guardian of the appellees herein, while they were minors, he did not inventory the land in controversy in this suit as the property of said minors, appellants announcing at the time they offered this evidence that the same was offered for the purpose of impeaching appellee, Lizzie Way. It was not shown that said minors had anything to do with the making said inventory or knew anything about it. This evidence was not admissible for such purpose, and was not admissible for the purpose of showing, as a matter of fact, that appellees, who were then minors, did not own said land, and especially, in view of the fact that the evidence shows that in said deed executed by Elizabeth Cox and husband, they reserved unto themselves the right to use and enjoy said land during their lifetime. Appellants' second assignment of error is overruled.

[4, 5] In their third assignment of error, appellants question the sufficiency of the evidence to support the finding of the jury

on special issue No. 1. The evidence in this case raised a question of fact for the determination of the jury, and the learned trial court correctly submitted said issue of fact to the jury, and, in our opinion, the evidence was ample to sustain said finding, and under the well-settled rule of law in this state, we have no authority to disturb such finding.

Finding no error in the record, the judgment of the trial court is affirmed.